**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARA M. KELLEY; TERESA L. SMITH, | No. 20-56111 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-01404-LAB-DEB |
| v. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,[**] District
Judge.

Sara Kelley and Teresa Smith ("Appellants"), a same-sex, married couple

who held de facto parent and educational rights holder statuses and were the

prospective adoptive parents to Teenager before his removal from their home by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

San Diego County Health and Human Services Agency and certain of its employees ("Appellees"), appeal a district court order dismissing their 18 U.S.C. § 1983 claims for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Appellants fail to identify a federal constitutional right of which they have been deprived. Because de facto and foster parents do not have federal constitutional rights to the custody of minors in their care, Appellants' substantive due process rights were not violated when Teenager was removed from their home. *See Miller v. California*, 355 F.3d 1172, 1176–77 (9th Cir. 2004) ("[B]eing de facto parents simply [gives] . . . the right to appear in the proceeding . . . . It confer[s] no other, or weightier interest of constitutional dimension."); *Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985) ("[F]oster parents do not enjoy the same constitutional protections that natural parents do.") (citations omitted). California law does not grant a fundamental right to approval as a resource family. *See* Cal. Welf. & Inst. Code § 16519.61 (stating reasons that "[a] county or the department may deny a resource family application or rescind the approval of a resource family"); *see also* Cal. Welf. & Inst. Code § 16519.61(c). Moreover, Teenager had an absolute right under California law to withhold consent to his adoption by Appellants, and without his consent, Appellants were not permitted to adopt him. *See* Cal. Fam. Code § 8602.

2. Appellants' retaliation claim fails because they have not established that their engagement in a constitutionally protected activity was a "substantial or motivating factor" in Teenager's removal from their care. *See Capp v. Cnty. Of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)). Further, because Teenager was not returned to Appellants' home nor were additional foster children placed there, Appellants' speech within their home could not have been chilled by the social worker's admonishment against the future discussion with Teenager of certain topics. *See id.* (requiring a "chilling effect" to state a First Amendment retaliation claim). To the extent that Appellants claim injury based on not having received a new foster child placement or having been required to attend an additional class as a condition of maintaining their resource family status, there is no clearly established law requiring any alternative conduct by Appellees during the pendency of this litigation. Therefore, Appellees are entitled to qualified immunity on these claims.

3. Appellants' claim regarding the use of fabricated evidence and judicial deception in the juvenile dependency court is barred by the *Rooker-Feldman* doctrine. We have no jurisdiction "over the de facto equivalent of [an appeal of a state court's decision]." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (internal quotation marks omitted) (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). Moreover, because the state courts have approved the termination of

3

Appellants' statuses as de facto parents and educational rights holders of Teenager and determined that the Agency did not engage in any discriminatory conduct against Appellants, any claims based on those events are likewise barred by the *Rooker-Feldman* doctrine.

4. Appellants' remaining federal claims lack merit. Accordingly, it was within the district court's discretion to dismiss Appellants' state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining that where all "federal claims are dismissed before trial, . . . state claims should be dismissed as well"); 28 U.S.C. § 1367(c).

5. The district court did not err by denying leave to file a second amended complaint. A district court need not grant leave to amend if it determines that amendment would be futile. *See Eminence Capital, LLC v, Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because Appellants failed to identify any clearly established federal constitutional rights that Appellees violated, and because Appellees enjoy qualified immunity with respect to the alleged violations of their federal rights, *see Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009), the district court did not err in denying leave to amend.

**AFFIRMED**.